# TO BE FILED UNDER SEAL

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

      v.                                                                                 CR NO. 98-54 (JMF)

**JERMAINE WASHINGTON,**

      **Defendant.**

### MEMORANDUM ORDER

On October 18, 1999, following Defendant's plea of guilty to Conspiracy to Participate in a Racketeer Influenced Corrupt Organization, he was sentenced to sixty months imprisonment to be followed by five years of supervised release. Defendant's term of supervised release began February 28, 2002 and expired February 27, 2007.

Defendant was arrested in Prince George's County, Maryland on March 6, 2006. At the request of Defendant's probation officer, the Court issued a warrant for Defendant's arrest on March 20, 2006. The warrant was executed the following day. Defendant requested that the Court continue the preliminary revocation hearing originally scheduled for April 25, 2006 until May 9, 2006. Based on both parties' agreement to continue the May 9 hearing until after the disposition of Defendant's case in Prince George's County, the Court subsequently rescheduled the hearing for December 15, 2006. Defendant pled guilty to one count of First Degree Assault in Prince George's County on October 4, 2006. The Court continued the preliminary revocation hearing until March 9, 2007 to await the Defendant's sentencing. On January 11, 2007, Prince

George's County sentenced Defendant to ten years imprisonment.  On March 9, 2007, the Court continued the hearing until June 19, 2007 because the Defendant was in Prince George's County jail.

Alleging the Court's lack of jurisdiction, Defendant filed a motion to dismiss the revocation hearing scheduled for June 19, 2007.  Based on the probation officer's December 15, 2006 comments regarding the possibility of requesting a summons, and the subsequent failure to do so before the expiration of supervised release, Defendant contends the Court lacks jurisdiction over the revocation hearing because a summons was not issued prior to the expiration, on February 27, 2007, of the Defendant's supervised release term.

As argued by the Government, the Court retains jurisdiction because the warrant was issued prior to the expiration of Defendant's supervised release and because of the reasonable necessity of postponing the hearing until after adjudication of Maryland's criminal charges.

The issuance of an arrest warrant on March 21, 2006 obviated the necessity for the Court to issue a summons prior to the expiration of supervised release, regardless of any statements by the probation officer that implied otherwise.  The statute clearly states that courts retain the power to revoke a term of supervised release "beyond the expiration of the supervised release . . . if, before its expiration, a warrant *or* summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i) (2007) (emphasis added).[1]  Thus, the Court retains jurisdiction to act after the expiration of

---

[1] All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

supervised release if a "warrant [is] issued . . . and executed . . . within the supervised release term." United States v. Venable, 416 F. Supp. 2d 64, 75 (D.D.C. 2006).  It is clear that the warrant issued for Defendant's arrest on March 21, 2006 reserved the Court's jurisdiction to act, subsequent to the expiration of supervised release.

Because the Court issued a warrant prior to the expiration of Defendant's supervised release, jurisdiction continues "for any period reasonably necessary for the adjudication of matters arising before its expiration." 18 U.S.C. § 3583(i).  This "reasonably necessary" period includes any period during which a state is adjudicating criminal charges. United States v. Ramos, 401 F.3d 111, 117 (2d Cir.), cert. denied, 546 U.S. 859 (2005); United States v. Poellnitz, 372 F.3d 562, 571 (3d Cir. 2004).  See also United States v. Garrett, 253 F.3d 443, 450 (9th Cir. 2001) (holding that postponement of revocation hearing until after defendant's "*release* from state custody did not violate §3583(i)") (emphasis added), cert. denied, 535 U.S. 977 (2002).

In the present case, the Court clearly retained jurisdiction until Maryland finished adjudicating charges against Defendant.  Because adjudication did not terminate until sentencing on the state charges on January 11, 2007, it was "reasonably necessary" for the Court to continue the December 15, 2006 hearing until March 9, 2007.  As argued by the Government, the continuance until June 19, 2007 was reasonable because Defendant remained in state custody on March 9, 2007. See Garrett, 253 F.3d at 450.  Furthermore, the continuance until June 29, 2007 was necessary to provide the Government with time to respond to Defendant's challenge to the Court's jurisdiction.  The Government responded on June 26, 2007, the date by which the Court ordered it to do so.  The period from that day to the issuance of this opinion was necessary to permit the Court to

consider the parties' arguments and to rule. These delays have all been "reasonably necessary for the adjudication of matters arising before" the expiration of supervised release. See Garrett, 253 F.3d at 450 (delay in briefing the issue and then holding hearings reasonably necessary).

Defendant's Motion to Dismiss Revocation Hearing Due to the Court's Lack of Jurisdiction [#34] is therefore, hereby, denied.

**SO ORDERED.**

\_\_\_\_/S/_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

September 6, 2007