**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 98-CR-0054 (RWR) |
| | : | (Under Seal) |
| JERMAINE WASHINGTON, | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION TO UNSEAL CASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to unseal the plea agreement and related documents and the plea proceedings in connection with the above-captioned case. In support of its motion, the government states the following:

1. On or about February of 1998, the defendant pled guilty to a Criminal Information which charged one count of conspiracy to participate in a racketeer influenced and corrupt organization, in violation of Title 18, United States Code, Sections 1962(d) and 1963.

2. The case remains sealed.

3. In early 2002, following his cooperation which included testifying in the trial of his former co-conspirators, the Court sentenced the defendant. The government is aware of no facts or circumstances which would justify continuing the seal upon this matter.

4. In its seminal opinion on the question of sealing documents in ongoing litigation our Court of Appeals quoted the Supreme Court:

> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999) (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985)). In pursuit of those principles our Circuit Court held that:

> The first amendment creates a general presumption of access to plea agreements. That presumption can be overridden only if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest."

*Washington Post v. Robinson*, 935 F.2d at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir.1990)).

5. Undoubtedly, when first this matter was sealed the Court and the parties perceived such a compelling interest. However, the passage of time has dissipated that interest and we submit that in the interest of openness and the public's right to know, the Court should order this matter unsealed.

**WHEREFORE,** we respectfully request that the Court unseal the above-captioned matter.

Respectfully submitted,

RONALD C. MACHEN JR.
BAR NUMBER 447-889
UNITED STATES ATTORNEY

BY: _____
Nancy B. Jackson
Assistant United States Attorney
555 4th Street, N.W., Room 4110
Organized Crime and Narcotics Trafficking Section
Washington, DC 20530
(202) 307-0029

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused copies of the foregoing motion and proposed order to be mailed, first class mail, postage prepaid, this 2nd day of June, 2014 to counsel for the defendant, Tony Miles, Assistant Federal Public Defender, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20004.

_____
Nancy B. Jackson
Assistant United States Attorney